E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0733-GHK (PLAx) | Date | November 7, 2012 |
|---|---|---|---|
| Title | *Melissa Miller v. Hearst Communications, Inc.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re:** Motion to Dismiss Amended Complaint [Dkt. No. 38]

      This matter is before us on Defendant Hearst Communications, Inc.'s ("Defendant") Motion to Dismiss Amended Complaint ("Motion").  We have considered the arguments in support of and in opposition to the Motion and deem this matter appropriate for resolution without oral argument.  L.R. 7-15.  As the Parties are familiar with the facts, we will repeat them only as necessary.  Accordingly, we rule as follows.

      On August 3, 2012 we dismissed Plaintiff Melissa Miller's ("Miller" or "Plaintiff") Complaint with leave to amend for lack of statutory standing under California's Shine the Light Law (STL) and UCL.  [Dkt. No. 34].  We adopt the reasoning of our August 3, 2012 Order in full and now turn to Plaintiff's arguments that she has successfully stated a claim in light of her amendments in the First Amended Complaint ("FAC").

      First, Plaintiff states a new theory of economic injury to support statutory standing.  Plaintiff contends that "[b]ecause Miller spent money on her subscription and Hearst failed to provide the complete benefit of the bargain–which presumed its compliance with the Shine the Light law (and all other laws)–Miller alleges economic harm."  (Opp'n at 15 [Dkt. No. 42]).  We disagree.  As Judge Fischer persuasively explained in *Boorstein*, "[p]laintiff does not claim that [d]efendant promised compliance with § 1798.83 as part of his subscription, nor does he claim that he reasonably expected that Defendant would do so.  Absent either claim, there is no economic harm."  *Boorstein v. Men's Journal LLC*, 2012 WL 2152815, at *4 (C.D. Cal. 2012).  Allowing Plaintiff to allege an economic injury on the theory that the subscription contract implied a promise to obey all laws would allow a plaintiff to sue "in any situation where a business violates the law, regardless of whether there is actual harm to the consumer."  *Id; cf. Animal Legal Defense Fund v. Mendes*, 160 Cal. App. 4th 136, 146-47 (Ct. App. 2008) (rejecting standing to assert a UCL claim where plaintiffs alleged that they reasonably presumed defendants produced the dairy products they purchased in accordance with all California laws).  Further, the fact that Plaintiff spent money on her subscription does not give rise to a cognizable economic injury because she does not allege that she spent that money specifically to secure STL disclosures.  Accordingly, statutory standing does not exist under Plaintiff's "benefit of the bargain" theory.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0733-GHK (PLAx) | Date | November 7, 2012 |
|---|---|---|---|
| Title | *Melissa Miller v. Hearst Communications, Inc.* | | |

Second, Plaintiff argues that we should reconsider our holding, in light of *Baxter v. Rodale*, 12-CV-585 GAF, Dkt. No. 42 (C.D. Cal. Aug, 29 2012), that an informational injury under the STL requires Plaintiff to have requested information that Defendant denied. In *Baxter*, the plaintiff asserted substantially similar class action claims under California's STL Law. There, the court held on a motion to dismiss that "a request for information need not be shown to establish standing under the Shine the Light law." *Baxter*, 12-CV-585 GAF, Dkt. No. 42, at 8. We agree to the extent that alleging a request for information is not a necessary element of every STL claim because alleging facts supporting the inference that a plaintiff *would have* requested information is also sufficient.[1] As we held in our August 3, 2012, Order Plaintiff failed to establish an informational injury because she did not claim either that she requested information and was denied *or* that she *would have* requested information had she been provided with the proper contact information. [Dkt. No. 30 at 4-5].

*Baxter* did not state a general rule for what a plaintiff must plead to establish an informational injury in the absence of an alleged request for information. *Baxter*, 12-CV-585 GAF, Dkt. No. 42, at 8 (finding "little support" for defendant's arguments to limit standing to plaintiffs who requested information but were denied and concluding that "[t]he allegations contained in the complaint are sufficient"). But *Baxter*'s formulation of standing appears consistent with our view of informational injury because it constrained standing to "the limited universe of people who submitted subscriber data to [defendant] *and then visited the company's website to learn how their own personal information is being used*." *Baxter*, 12-CV-585 GAF, Dkt. No. 42, at 8 (emphasis added). A fair reading of this language indicates that a person who does not request information may still have standing where the circumstances support the inference that he or she *would have* done so had proper contact information been provided. One may plausibly infer that a person who visits a website to learn how his or her personal information is being used would have requested information under the STL Law had the business properly published contact information for STL inquiries. Accordingly, Plaintiff must allege a causal connection between the Defendant's failure to disclose contact information (a procedural injury, as we held in our August 3, 2012 Order) and Plaintiff's inability to request information about how Defendant is sharing her personal data (the substantive core of the STL law). *Baxter* may not have used this precise language–it did not expressly address whether a business's failure to publish contact information is a procedural injury insufficient to confer standing–but its view of standing appears consistent with ours. As Plaintiff has failed to allege in her FAC that she requested information and was denied or circumstances from which we can infer that she would have requested information had

---

[1] To the extent that *Baxter* stands for the proposition that a business's failure to disclose contact information, without more, constitutes an informational injury sufficient to confer standing, we disagree for the reasons set forth in our August 3, 2012 Order.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-0733-GHK (PLAx) | Date | November 7, 2012 |
|---|---|---|---|
| Title | *Melissa Miller v. Hearst Communications, Inc.* | | |

Defendant provided proper contact information, Plaintiff has still failed to allege an informational injury sufficient to support statutory standing.[2]

    Finally, as we noted in our August 3, 2012 Order, statutory standing under the UCL requires an economic injury. And as discussed above, Plaintiff has failed to successfully allege an economic injury in the FAC. Accordingly, Plaintiff's UCL claim fails for lack of standing.

    In light of the foregoing, Plaintiff's STL and UCL claims fail for lack of standing. Accordingly, Defendant's Motion is **GRANTED**. The FAC is **hereby DISMISSED without further leave to amend**.

    **IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
|  | Initials of Deputy Clerk | | Bea |

---

[2] Plaintiff alleges that she visited Defendant's website, (FAC ¶ 43), but she does not allege that she visited the website *to learn how her personal information was being used*.